BERNARD KEENAN *vs.* ALMON K. GOODWIN.

*Certiorari* lies to inquire whether any evidence has been adduced to show some essential fact, but not to review findings of facts when some competent evidence as to them has been adduced. It lies to review rulings on the admission of evidence when no other and competent evidence has been adduced as to the matter in question. It does not lie to correct merely irregular proceedings.

PETITION for a writ of *certiorari* to review the proceedings whereby the respondent, as mayor of the city of Pawtucket, removed the petitioner from his office of license commissioner.

*February* 20, 1892. PER CURIAM. The numerous causes of error assigned are of five classes: *first*, that there was no legal cause for the removal of the petitioner; *second*, that there was no evidence to substantiate the charges; *third*, that evidence of a prior investigation of the charges was excluded; *fourth*, that evidence of acts of the petitioner prior to his term of office was admitted; *fifth*, that the mayor of Pawtucket was incompetent to try the case because he made the charges and had expressed an opinion thereon.

The general rules relating to *certiorari* are, that it does not lie to review findings of fact, where any competent evidence is introduced to support them; nor to correct mere irregularities of proceeding; that it will lie to inquire whether there is any evidence to establish some essential fact; and also to review rulings upon the admission of evidence, where no other and competent evidence was introduced tending to prove a necessary finding. 3 Amer. & Eng. Encyc. of Law, Tit. *Certiorari.* The application of these rules disposes of many of the objections taken in the record. With reference to the errors assigned, the court is of opinion:

*First.* That the charge made, if sustained, constituted a legal cause for removal.

*Second.* There was evidence in support of some of the charges, although as to other charges there was none. The respondent's finding did not cover all of the charges, but it specified some

grounds of removal which were not included in the charge originally made. Leaving these out of consideration, the first cause of removal set forth by the respondent in his finding — that of improper conduct as a license commissioner — is a competent cause, and the sufficiency of proof thereof is not reviewable by this court, as the record discloses testimony tending to prove the charge.

*Third.* The record shows no previous investigation of the charge. The certificate offered by the mayor for the preceding year was not sworn to, and was not admissible. His subsequent testimony shows that there was no investigation, no hearing of the matter, but simply a private inquiry on his part to satisfy his own mind whether he ought to proceed further.

*Fourth.* The record shows that the evidence relating to acts of the petitioner prior to his appointment as license commissioner were not passed upon by the respondent.

*Fifth.* The authority to remove a commissioner is expressly committed by Pub. Stat. R. I. cap. 816, § 3, of August 1, 1889, to the mayors of cities. The respondent therefore was the only person who could exercise this power. The so-called preferring of charges was simply giving to the petitioner a statement or notice of the grounds upon which the proposed action would be based, for the purpose of enabling him to meet them in defence. It did not disqualify the mayor from hearing the testimony and acting thereon. The expression of opinion appears to have been a previous letter of removal, without notice or hearing, which the mayor recalled. An irregular proceeding does not incapacitate a legally constituted tribunal from subsequently proceeding in a regular and proper manner. *Willard's Appeal,* 4 R. I. 595, 597. From these considerations it follows, that as a legal cause for removal supported by competent testimony is disclosed by the record, a sufficient warrant for the action of the respondent appears, and the proceedings cannot be quashed, even though there may have been error in other respects. The petition for the writ must therefore be dismissed.                      *Petition dismissed.*

*Hugh J. Carroll & John M. Brennan,* for petitioner.

*Thomas P. Barnefield,* City Solicitor of the city of Pawtucket, for respondent.